# THE MOBILE & OHIO RAILROAD COMPANY
## v.
## THE PEOPLE EX REL. WILLIAM DAVIS.

*Railroads—Highway Crossings—Signals—Penalty—Action to Recover—Evidence—Conflict of—Question for Jury—Contributory Negligence.*

In an action against a railroad company to recover the penalty for its failure to give the statutory signals at a public highway crossing, it is *held:* That the evidence justified the jury in finding that the crossing in question was a highway crossing and outside of any municipality; that it is immaterial whether the party for whose use the action is brought was guilty of contributory negligence when struck by defendant's locomotive at said crossing, the penalty being forfeited to the State; and that, the evidence being conflicting, the finding of the jury that the required signals were not given, is conclusive.

[Opinion filed October 5, 1887.]

APPEAL from the Circuit Court of Monroe County; the Hon. GEORGE W. WALL, Judge, presiding.

This action was brought against appellant to recover the penalty provided for by the statute for its alleged failure to give the statutory signals at a public highway crossing. A trial was had before the court and a jury, a penalty imposed upon a verdict finding appellant guilty, and appeal to this court.

Messrs. POLLARD & WERNER, for appellant.

Appellant was under no obligation whatever to give the statutory signals at the time and place in question. The crossing at which the collision, referred to by the witnesses, occurred was, as alleged in the declaration and shown by the testimony

throughout, in the town of Columbia, being the intersection of the so-called Centerville Road, with appellant's railroad. There is not a syllable of testimony tending to prove that this Centerville road is a public highway. Yet proof of this fact is essential to a recovery under the statute. C. & A. R. R. Co. v. Adler, 56 Ill. 344.

But conceding, for the purpose of argument merely, that it is shown that the crossing in question is the intersection of a public road with appellant's railroad, yet, being within the corporate limits of a town, we contend it is not the crossing of the railroad with a public highway, within the meaning of the statute. Mobile & O. R. R. Co. v. State, 51 Miss. 137.

Contributory negligence is a defense to an action of this kind. The recovery is allowed only for the use of an aggrieved person. Can a person be said to be aggrieved by a violation of the statute, where his own negligence brings him to grief? We think, on reason and authority, he can not, and therefore, that contributory negligence was a proper defense to this action, and that the trial court erred in refusing the instruction asked for on this subject.

Sec. 62 of the act under consideration prescribes a penalty, no less absolute than the one in question, for the non-observance of its provisions—the fencing of railroad track—and it has been held that contributory negligence will defeat the recovery of the penalty, the value of the cattle killed and attorney's fee. J. & N. I. R. R. Co. v. Jones, 20 Ill. 221; St. L., A. & T. H. R. R. Co. v. Todd, 36 Ill. 409; I. C. R. R. Co. v. Middlesworth, 43 Ill. 64; R., R. I. & St. L. R. R. Co. v. Irish, 72 Ill. 404; T., P. & W. R. R. Co. v. Johnson, 74 Ill. 83; T., W. & W. Ry. Co. v. McGinnis, 71, Ill. 346; C. & St. L. R. R. Co. v. Woosley, 85 Ill. 370; C., B. & Q. R. R. Co. v. Seirer, 60 Ill. 295.

Mr. William Winkelmann, for appellee.

Pillsbury, J. It is first objected that there was no proof that the road crossing where the alleged failure to ring the bell or sound the whistle as required by the statute was a public highway, and, therefore, no obligation rested upon the

appellant to give such signals. We have examined the evidence upon this point carefully with a view to ascertain if such was the fact, and are obliged to disagree with counsel as to the effect of the evidence appearing in the record. The place where the alleged violation of the statute occurred was at the crossing of the Centerville road with the railroad, and the location was shown by a plat made by the surveyor, which purported to be a " plat of the St. Louis and Cairo Railroad crossing at road leading from Columbia to Centerville in Town of Columbia, Monroe County, Illinois." This plat was introduced without objection. The witnesses all call it the "Centerville road," and one describes it as a " macadamized road," and the train men, called by the appellant, te tify that they not only on this occasion, but always, gave the statutory signals; and when the engineer was asked why he gave such signals at the Centerville crossing answered : " Road crossing. It is the rule of all railroad companies to compel their engineers to give road crossing signals." This testimony, in the absence of countervailing proof, we deem sufficient to justify the jury in finding that the Centerville crossing was a public highway and that it was so recognized by appellant and its servants engaged in its business of running trains. Indeed, the whole record considered, it does not appear that in the course of the trial below up to the time the instructions were given there was any attempt to raise the question as to the existence of a public highway at that crossing.

It is next said that it appears that this crossing was in the Town of Columbia, and thus a street in a municipality to which the statute does not apply. Without admitting the position of appel'ant that a street in a town or city is not a public highway within the meaning of the statute requiring signals of the approach of trains to be given, it will suffice to say that there is no evidence in the record that it was within the limits of any such city or town. It is designated in the proofs as the Centerville crossing on the road leading from Columbia to Centerville, called the Centerville road, as distinguished in the evidence from the Waterloo road, another road leading from Columbia to Waterloo and crossing the railroad about 80 or

100 rods from the Centerville road. The evidence introduced was sufficient to justify a finding that it was a public highway outside of any municipality, and, if the appellant desired to properly raise the question whether the statute applied to a street in a town, it could have shown the facts by proving that the crossing in question was on a street in the town and that the town was incorporated.

It is next urged that Davis, for whose use this suit is brought as the aggrieved party, was guilty of contributory negligence in getting struck at this crossing when traveling upon the highway, and that such negligence prevents the people from maintaining this action. This position might avail if Davis was seeking to recover damages from appellant for the injury sustained by him in being run down at the crossing by the train of the appellant. But this action is brought by the State to recover the penalty imposed upon railroads for a failure to comply with the requirements of a general law enacted for the purpose of compelling them to take certain precautions against committing injury to individuals at places where they, as well as the trains of railroad companies, have a perfect right to be. The State has an interest in the preservation of every human life within its jurisdiction, for the units of the population compose the State in the aggregate capacity, and in giving railroad companies the franchise to operate a railway it recognized the fact that it was licensing the use of the most powerful and dangerous machinery to run across our highways at the same grade, and against which the individual citizen passing along such way had no means of protecting himself unless warned of the danger he would assume in being upon the crossing at the time any locomotive was due there. It saw proper, therefore, to provide by general law for a warning to be given of the approach of any locomotive engine to any such crossing, and a penalty for the violation of the duty thus imposed, and where a railroad violates this provision of the statute and incurs the penalty it is no less guilty because some individual citizen was run down when he had not exercised that degree of care required by the common law if he was seeking to recover damages for per-

sonal injuries. In the one case the people of the State are seeking to recover the penalty affixed by general law for its violation, in the other the individual is seeking to recover for injuries caused by the negligence of another, when by exercising ordinary care he could have prevented the injury occurring. The people in a proper and constitutional manner have declared that in the operation of railroad trains certain precautions are to be observed and signals given in approaching the crossings of public highways, and it is no excuse for a violation of such requirement of the statute that some one was injured in consequence thereof, who, by a greater care to ascertain if a train was approaching, might have escaped being injured. In this case the people sue for the violation of a public statute and they have no concern whether such violation was the proximate cause of the injury to Davis or not. If, after the payment of the penalty to the people by the railroad company they see proper to give it to him, the appellant has no reason to complain. Who is the aggrieved person to whom the court will award the penalty need not concern the appellant. It was its duty to give the signals prescribed by the law of the State. If it did not do so it has forfeited the penalty to the State, and when it has paid it the law is satisfied; it stands discharged and it has no further interest in the application that shall be made of the fund by the court. It is again objected that the verdict is against the weight of the evidence upon the question whether the signals were given for the crossing in question. The engineer and fireman and one other witness for the defendant testify that the signals were made for this particular crossing, while three witnesses for the plaintiff testify equally positively that they were watching the train as it approached the crossing to see if the signals were given, as they saw Davis approaching the crossing and feared that a collision might occur, and each of them swear that the bell was not rung nor the whistle sounded for the Centerville crossing. Five other witnesses for the plaintiff also testify that they were in a position to hear the signals if given, but heard none; some of them state they heard the signal for the Waterloo crossing a greater distance from them than the

crossing in question, but did not hear any given at this crossing. In such a conflict of the evidence it was for the jury to determine whether the required signals were or were not given, and in that condition of the evidence their finding ought not to be disturbed by an appellate tribunal. The jury were fully instructed by the learned Judge below, and to his charge no exceptions are urged here, and in such case, upon the questions of fact arising upon the record, the verdict of the jury should be taken as settling the facts in the case. No such error appearing as requires us to interfere, the judgment will be affirmed.

*Judgment affirmed.*